UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

NICHOLAS MARTIN,

                           Plaintiff,

     v.                                                  9:16-CV-0717
                                                                          (TJM/TWD)

R. OEY, et al.,

                           Defendants.

---

APPEARANCES:

NICHOLAS MARTIN
00-A-0008
Plaintiff, pro se
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13021

THOMAS J. MCAVOY
Senior United States District Judge

**DECISION AND ORDER**

## I.    INTRODUCTION

Plaintiff Nicholas Martin commenced this action by submitting a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") together with an application to proceed in forma pauperis. Dkt. No. 1 ("Compl."), Dkt. No. 2 ("IFP Application"). By Decision and Order filed July 22, 2016, plaintiff's IFP Application was granted, but following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), the Court found that the complaint was subject to dismissal for failure to state a claim upon which relief may be granted. Dkt. No. 5 (the "July 2016 Order"). In light of his pro se status, plaintiff was afforded an opportunity to submit an amended complaint. *Id*. Presently before this Court is

plaintiff's amended complaint. Dkt. No. 8 ("Am. Compl.").

## II. DISCUSSION

### A. Plaintiff's Original Complaint

In his original complaint, plaintiff asserted claims arising out of his confinement at Upstate Correctional Facility ("Upstate C.F."). *See generally* Compl. The complaint was construed to assert a claim that plaintiff was disciplined by defendants in violation of his right to due process under the Fourteenth Amendment to the United States Constitution. July 2016 Order at 5. Following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), the Court found that plaintiff failed to allege facts to plausibly suggest that defendants denied plaintiff any of the procedural protections to which he was entitled under *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974). *See generally* July 2016 Order. Accordingly, the Court found that plaintiff failed to allege a Fourteenth Amendment due process claim, and the complaint was dismissed without prejudice to plaintiff filing an amended complaint.

### B. Review of the Amended Complaint

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the July 2016 Order and it will not be restated in this Decision and Order. *See* July 2016 Order at 2-4.

In the amended complaint, plaintiff attempts to restate and clarify the Fourteenth Amendment due process claims against the defendants that were dismissed without prejudice. *Id*. Plaintiff alleges that defendant Oey, who conducted plaintiff's Tier III

2

disciplinary hearing, denied plaintiff due process during the course of that hearing when he "intentionally found plaintiff guilty" and sentenced plaintiff to serve 60 days in the Special Housing Unit ("SHU"), with 30 days of the sentence suspended. Compl. at 4. Defendant Oey directed that the sentence run consecutive to plaintiff's previous 10-month SHU term that he was already serving.[1] Am. Compl. at 4. Defendants Venettozzi and Annucci learned through plaintiff's appeal, and his state Article 78 proceeding, that plaintiff's constitutional rights had been violated during his Tier III hearing but failed to correct the violations and allowed the ongoing violations to continue. *Id*. at 4-5.[2] Plaintiff claims that "[w]hen prison officials initiate an emergency referral for mental health services for an inmate and disciplinary proceedings arise from an incident occurring while the referral is being executed, the inmate's mental condition is an obvious concern" and therefore defendant Oey should have considered plaintiff's mental state in assessing plaintiff's guilt or innocence of the charges lodged against him.[3] *Id*. at 4. Plaintiff also claims that "[p]rison regulations specifying conditions under which [an] inmate could be confined to SHU created a liberty interest . . . protected by the due process clause." *Id*. at 3.

---

[1] The Second Circuit has indicated that when an inmate has been confined in SHU for some time, an official who imposes an additional, consecutive SHU sentence may be responsible, for Section 1983 purposes, for the inmate's entire continuous period of confinement. *See Sealey v. Giltner*, 197 F.3d at 587 (aggregating an inmate's SHU sentences which ran without interruption, and holding that official who imposed second, 83-day sentence bore responsibility for 101-day aggregate of those 83 days of confinement and the 18 days that preceded it); *see also Reynoso v. Selsky*, 292 Fed. App'x 120, 122 (2d Cir. 2008) ("Overlapping disciplinary penalties may, under some circumstances, have to be aggregated for purposes of determining whether a liberty interest was violated"). The Court takes no position at this time whether it would be appropriate in this case to aggregate plaintiff's 10-month SHU sentence with his 30-day SHU sentence.

[2] Plaintiff alleges that the New York State Supreme Court vacated plaintiff's Tier III hearing disposition and remitted it back to defendant Annucci for a new hearing, but the new hearing was not timely held, resulting in all charges being dismissed against plaintiff and expunged from his disciplinary record. *Id*. at 3, 6.

[3] Construed liberally, plaintiff may allege that the disciplinary determination was not supported by substantial evidence.

3

In light of plaintiff's pro se status, and mindful of the Second Circuit's instruction that a pro se plaintiff's pleadings must be liberally construed, *see, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), plaintiff's amended complaint is accepted for filing. In so ruling, the Court expresses no opinion as to whether plaintiff's claims can withstand a properly filed dispositive motion.

### III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the amended complaint (Dkt. No. 8) is accepted for filing and will supersede and replace the previously filed complaint; and it is further

**ORDERED** that the Clerk shall issue summonses and forward them, along with copies of the amended complaint, to the United States Marshal for service upon the defendants. The Clerk shall forward a copy of the summons and amended complaint by mail to the Office of the New York State Attorney General, together with a copy of this Decision and Order; and it is further

**ORDERED** that a response to the amended complaint be filed by defendants, or their counsel, as provided for in the Federal Rules of Civil Procedure; and it is further

**ORDERED** that all pleadings, motions and other documents relating to this action be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions. All motions will be decided on submitted papers without oral argument unless otherwise ordered by the Court. **Plaintiff is also required to promptly**

4

**notify, in writing, the Clerk's Office and all parties or their counsel of any change in plaintiff's address; his failure to do so may result in the dismissal of this action**; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED.**

Dated: September 8, 2016

Thomas J. McAvoy
Senior, U.S. District Judge