UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

**NICHOLAS MARTIN,**

      **Plaintiff,**

v.                  9:16-cv-00717
                  (TJM/TWD)
**R. OEY,** *et al.*,

      **Defendants.**

---

**THOMAS J. MCAVOY,**
**Senior United States District Judge**

## DECISION & ORDER

### I. INTRODUCTION

This *pro se* action brought pursuant to 42 U.S.C. § 1983 was referred by this Court to the Hon. Thérèse Wiley Dancks, United States Magistrate Judge, for a Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c) .

In her Order and Report-Recommendation (Dkt. No. 28), Magistrate Judge Dancks recommends that Defendants' motion to dismiss the amended complaint (Dkt. No.17) be granted, and that Plaintiff's amended complaint be dismissed with leave to amend. See Order & Rep.-Rec. Dkt. No. 28. Plaintiff filed objections to Magistrate Judge Dancks' recommendations. See Dkt. No. 30.

### II. STANDARD OF REVIEW

When objections to a magistrate judge's report and recommendation are lodged, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See 28

1

U.S.C. § 636(b)(1); see also United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997) (The Court must make a *de novo* determination to the extent that a party makes specific objections to a magistrate's findings.).

### III. DISCUSSION

Having considered Plaintiff's objections and having completed a *de novo* review of the issues raised by the objections, the objections are overruled for the reasons discussed below.

**a. Objection # 1**

As Magistrate Judge Dancks pointed out, "courts have specifically held that the procedures set forth in 7 N.Y.C.R.R. § 254.6 regarding assessment of an inmate's mental state is not part of the fundamental due process guarantees outlined in [Wolff v. McDonnell, 418 U.S. 539 (1974)]." Ord. & Rep.-Rec., p. 15. (citing Davis v. Fischer, No. 09-CV-6084 CJS, 2012 WL 177400, at *7 (W.D.N.Y. Jan. 20, 2012) (finding that hearing officer's failure to conduct a mental health evaluation as required by 7 N.Y.C.R.R. § 254.6 "does not establish a federal due process violation"); Gibson v. Travis, No. 14 CV 8764 (VB), 2016 WL 796865, at *5 (S.D.N.Y. Feb. 25, 2016) (same)). Because Plaintiff presented no evidence that he requested a mental health clinician as a witness at his hearing, see id. p. 15, and because the failure of the hearing officer to independently conduct a mental health review "does not establish a federal due process violation," Davis, 2012 WL 177400, at *7, Magistrate Judge Dancks correctly concluded that Plaintiff failed to present a plausible basis for a due process claim. Ord. & Rep.-Rec., p. 16. Plaintiff's current argument that the calling of a mental health witness by the hearing

2

officer should have been "automatic" in his case does not change the conclusion that the failure of the hearing officer to conduct a mental health evaluation does not establish a due process violation. Thus, Plaintiff's first objection is overruled.

   **b. Objection # 2**

Because Plaintiff presented no plausible claims, Magistrate Judge Dancks correctly concluded that "Plaintiff cannot maintain an action for supervisory liability against Venettozzi and Annucci." Ord. & Rep.-Rec., p. 16. Plaintiff's objection on this ground is overruled.

   **c. Objection # 3**

Plaintiff's third objection is also without merit. This asserts that Magistrate Judge Dancks erred because she did not address Plaintiff's argument, made in his sur-reply, that the "defendants are collaterally estopped from challenging plaintiff's wrong confinement and deprivation of due process claims." Obj., p. 5. Magistrate Judge Dancks did address Defendants' collateral estoppel argument, concluding that "because Plaintiff's Fourteenth Amendment due process claims 'were not actually litigated and actually decided' in Plaintiff's Article 78 proceeding," this ground for dismissal should be rejected. Ord. & Rep.-Rec., p. 19. In making this recommendation, Magistrate Judge Dancks noted that "Plaintiff argues that he should not be barred from litigating his Fourteenth Amendment due process claim because he 'did not actually litigate the constitutional issues now before this Court' in the Article 78 proceeding." Id. p. 18 (quoting from Dkt. No. 19 at 17). Because Plaintiff concedes that he did not did not actually litigate the constitutional issues now before the Court in his Article 78 proceeding, collateral estoppel does not bar

Defendants from challenging his constitutional claims in this court. See Ord. & Rep.-Rec., p. 19 ("Under New York law, collateral estoppel or issue preclusion bars relitigation of an issue when (1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was 'actually litigated and actually decided,' (3) the party against whom preclusion is sought had a full and fair opportunity for litigation in the prior proceeding; and (4) the previously litigated issues were necessary to support a valid and final judgment on the merits.")(quoting from and citing Ali v. Mukasey, 529 F.3d 478, 489 (2d Cir. 2008)). Thus, Plaintiff's third objection raises no meritorious reason to reject Magistrate Judge Dancks' recommendation. Consequently, this third objection is overruled.

## IV.   CONCLUSION

For the reasons discussed above, the Court accepts and adopts Magistrate Judge Dancks' Order and Report-Recommendation (Dkt. No. 28) in its entirety. Accordingly, Defendants' motion to dismiss (Dkt. No.17) is **GRANTED,** and Plaintiff's amended complaint is **DISMISSED** with leave to file a second amended complaint <u>within thirty (30) days</u> from the date of this Decision and Order.

Plaintiff is advised that <u>an amended complaint **supersedes in all respects** the prior pleading. Therefore, if Plaintiff files a second amended complaint, he **must properly allege in the second amended complaint all factual bases for all claims asserted therein.** The failure to file a second amended complaint within this time frame will be deemed as an abandonment of all claims in the amended complaint, and a "with prejudice" dismissal will be entered on the Court's docket on the amended complaint</u>

4

without further order by the Court.

Plaintiff's motion for an extension of time to file objections to Magistrate Judge Dancks' July 19, 2017 Order and Report-Recommendation (Dkt. No. 29) is **DENIED as moot.**

**IT IS SO ORDERED.**

Dated: September 20, 2017

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge