**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**NICHOLAS MARTIN,**

                      **Plaintiff,**

    v.                                                    9:16-cv-00717
                                                              (TJM/TWD)
**A.C. WYCKOFF,**

                      **Defendant.**

---

**THOMAS J. MCAVOY,**
**Senior United States District Judge**

## DECISION & ORDER

      Plaintiff Nicholas Martin, a former inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), commenced this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The case was referred to the Hon. Thérèse Wiley Dancks, United States Magistrate Judge, for a report and recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).

      Defendant A.C. Wyckoff moved for summary judgment, asserting that the remaining claim in this case must be dismissed because Plaintiff failed to exhaust his administrative remedies with regard to this claim. Dkt. No. 52. Plaintiff did not oppose the motion. After reviewing the motion, Magistrate Judge Dancks recommends that it be granted. Ord. & Rep.-Rec., Dkt. No. 58, at 13. No objections to the Order and Report-Recommendation have been filed, and the time to do so has expired.

      Ordinarily, when no objections are raised to a report and recommendation, the Court examines the record to determine whether the report and recommendation is subject to

1

attack for plain error or manifest injustice.  Here, however, the Court's docket sheet contains an entry indicating that the Order and Report-Recommendation was sent by certified mail to Plaintiff at his last known address and returned with a stamp indicating: "Return to Sender. Unclaimed. Unable to Forward. Return to Sender."  Dkt. No. 60.

Every litigant is required to keep the Court advised of his or her address so that documents and decisions may be served upon them by mail. See Local Rules of the United States District Court for the Northern District of New York, 10.1(b).  Failure to do so can greatly delay proceedings and, therefore, can be construed as an abandonment of the action.  "While a *pro se* litigant's pleadings must be construed liberally, ... *pro se* litigants generally are required to inform themselves regarding procedural rules and to comply with them."  Edwards v. INS, 59 F.3d 5, 8 (2d Cir. 1995)("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.")(citing McNeil v. United States, 113 S.Ct. 1980, 1984 (1993)); see also Faretta v. California, 95 S. Ct. 2525, 2541 n. 46 (1975)("The right of self-representation is not a license ... not to comply with relevant rules of procedural and substantive law.").

While the Court could infer that Plaintiff's failure to advise the Court Clerk's Office of his forwarding address is a tacit abandonment of his claim, the Court will instead exercise its discretion and review this matter as if a general objection has been lodged to the Order and Report-Recommendation.  Under such circumstances, the Court reviews the record *de novo*.  See 28 U.S.C. § 636(b)(1).  After such a review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The Court may also receive further evidence or recommit the matter to the magistrate judge

with instructions." Id.

Having considered the record *de novo*, the Court **ACCEPTS** and **ADOPTS** the recommendation contained in the Order and Report-Recommendation (Dkt. No. 58) for the reasons stated therein. It is therefore **ORDERED** that Defendant's motion for summary judgment (Dkt. No. 52) is **GRANTED,** and the sole remaining claim in this matter is **DISMISSED**. The Clerk of the Court may close the file in this matter.

**IT IS SO ORDERED**.

Dated: February 19, 2019

Thomas J. McAvoy
Senior, U.S. District Judge